UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP LTD. and<br>TRANSACT INTERNATIONAL, INC.<br><br>    Plaintiffs,<br>v.<br><br>AMERICAN ENGINEERING<br>CORPORATION<br><br>    Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:01cv676 (PCD)<br>:<br>:<br>:<br>:<br>: October 14, 2003 |

**DEFENDANT'S OPPOSITION TO ACEQUIP LTD'S MOTION FOR RELIEF
FROM JUDGMENT OF DISMISSAL AND/OR RECONSIDERATION**

Plaintiff ACEquip Ltd.'s motion for relief from judgment of dismissal and/or reconsideration should be denied. On September 30, 2003, this Court dismissed ACEquip's case for three reasons. First, ACEquip disobeyed this Court's May 6, 2003 Order by failing to timely file a status report. Second, ACEquip failed to appoint an arbitrator, even though this Court, through a prior Order, had directed ACEquip to do so within ten (10) days. Third, ACEquip failed to respond to the defendant's request that the case be dismissed for failure to prosecute. Any one of those three reasons is sufficient grounds to dismiss ACEquip's case. ACEquip's motion only addresses the third reason by claiming that ACEquip did not timely receive the defendant's status report. The defendant's status report, however, was properly and timely served as evidenced by the certificate of service attached to the report and by the attached affidavit of Attorney Edward Heath (hereinafter, "Heath Affidavit," attached hereto as Exhibit 1). Therefore, ACEquip's motion should be denied.

ACEquip's Rule 60(b) motion should be denied because it addresses only one of the three grounds for the Court's Order of dismissal. ACEquip's motion is based on its assertion that ACEquip did not timely receive the defendant's status report that was filed and served on September 5, 2003. ACEquip admits, however, that the defendant's status report was accompanied by a proper certificate of service. (See Affidavit of Attorney David Cohen, hereafter "Cohen Affidavit," ¶ 4.) The defendant's status report was in fact served by mail on ACEquip's attorney on September 5, 2003. (See Heath Affidavit, ¶¶ 2-4.) The status report was sent to the same address and in the same manner as all the other documents the defendant has served in this matter for the last two years. (Id., ¶ 5.) This is the first time that ACEquip has claimed that it did not receive a document that the defendant mailed to its counsel's address. (Id., ¶ 6.)

Significantly, the first time that ACEquip claimed that it did not timely receive the defendant's status report was *more than one week after this Court dismissed ACEquip's case.* ACEquip said nothing about its supposed failure to receive the defendant's status report when it submitted its own (untimely) status report on October 1, 2003. The belated timing of ACEquip's claim that it did not receive the defendant's status report is telling.

To the extent that ACEquip's motion is predicated on an allegation of misconduct by the defendant's counsel, ACEquip has failed to carry its burden of proof. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989). ACEquip's counsel's

affidavit states only that he did not receive the defendant's status report on September 5. The affidavit provides no basis for a determination—and certainly no clear and convincing evidence—of any misconduct on the part of the defendant or its counsel.

Even assuming that ACEquip did not receive the defendant's status report when it was served on September 5, 2003, ACEquip's motion for relief from judgment should still be denied because ACEquip has failed to demonstrate excusable neglect. ACEquip admits that it received the defendant's September 23, 2003 letter to this Court's law clerk, in which a copy of the defendant's status report was enclosed. (Cohen Affidavit, ¶ 5.) On September 24, 2003, ACEquip's counsel sent the defendant's counsel an email regarding this case. (See Exhibit 2, Affidavit of Attorney Daniel W. Park, hereinafter "Park Affidavit," ¶ 2.) Thus, even though ACEquip's counsel was actively monitoring this case, ACEquip inexplicably waited another week before filing with the Court a status report that was due a month before. And even then, ACEquip said nothing in its report about supposedly not having received the defendant's status report in a timely fashion. ACEquip provides no explanation for why it failed to promptly contact the Court.

Most important, ACEquip offers no explanation for why it failed to obey this Court's May 6, 2003 Order. On May 6, 2003, the Court ordered the parties to file a report informing the Court of the status of this case on September 5, 2003, or upon completion of the arbitration proceedings, whichever occurred first. Although the defendant filed a timely report, ACEquip ignored this Order and did not file a report until one month later, and only *after* this Court had already dismissed its case. ACEquip does not claim that it did not receive this Court's May 6

Order. ACEquip's failure to comply with the Court's May 6 Order is inexcusable and independently justifies dismissal of this action. See Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-251 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect").

Finally, ACEquip gives no explanation for its failure to appoint an arbitrator. The Court's May 6, 2003 Order reaffirmed its original September 4, 2001 Order appointing an arbitrator, with the only difference that Transact International, Inc. was reinstated as a plaintiff. In its Order appointing an arbitrator, the Court directed ACEquip (and Transact) to "submit to Defendant *within ten days of the date of this order* the names of three persons acceptable to Plaintiff and available to act as sole arbitrator." (*See* Sept. 4, 2001 Order, at 5.) It has been *five months* and the plaintiffs still have not complied with the Court's Order. ACEquip now claims that, after two years of litigation, it needs more time to decide whether to move forward with arbitration. Yet, ACEquip only notified this Court that it needed additional time *after* its case had been dismissed. ACEquip does not state that it only recently learned that it was in receivership. Nevertheless, ACEquip never disclosed this information to the Court or to the defendant. If ACEquip needed more time to appoint an arbitrator, it should have sought relief from the Court's Order. Instead, ACEquip disregarded that Court's Order. Such conduct does not justify relief under Rule 60(b). Richards v. Aramark Servs., Inc., 108 F.3d 925, 927-929 (8th Cir. 1997) (a conscious decision may never constitute excusable neglect).

ACEquip has not demonstrated excusable neglect, misconduct by an adverse party, or any other reason justifying relief from this Court's Order of dismissal. Accordingly, ACEquip's motion for relief under Rule 60(b) should be denied.

AMERICAN ENGINEERING CORPORATION

By: _____
Edward J. Heath (ct 20992)
Robinson & Cole LLP
280 Trumbull St.
Hartford, CT 06103
860-275-8200
email: eheath@rc.com

Scott F. Roybal (ct 22547)
Daniel W. Park (ct 22548)
Sheppard, Mullin, Richter & Hampton LLP
333 S. Hope St., 48th Floor
Los Angeles, California 90071
213-617-5512
email: dpark@smrh.com

## CERTIFICATION

This is to certify that a true copy of the foregoing was sent via facsimile and first class mail, postage prepaid, on this 14th day of October, 2003, to:

David M. Cohen, Esq.
John A. Farnsworth, Esq.
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer Street
Stamford, CT 06901

_____
Edward J. Heath

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ACEQUIP LTD. and
TRANSACT INTERNATIONAL, INC.

    Plaintiffs,

v.

AMERICAN ENGINEERING
CORPORATION

    Defendant.

: CIVIL ACTION NO.
: 3:01cv676 (PCD)

: October 14, 2003

### AFFIDAVIT OF ATTORNEY EDWARD J. HEATH

Personally appeared Edward J. Heath, Esq., who being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligations of an oath. I am an attorney with Robinson & Cole LLP, and represent the Defendant in the above entitled action.

2. On September 5, 2003, I directed my assistant, Jean Hoff, to arrange to have a copy of the Defendant American Engineering Corporation's status report delivered by the mail, first class postage pre-paid, addressed to David Cohen and John Farnsworth, attorneys for the Plaintiffs ACEquip Ltd. and Transact International, Inc.

3. Ms. Hoff's normal office procedure when preparing court filings is to generate the envelopes to be sent to all counsel on the certification page at the same time she generates the envelope that will be sent to the Court containing the pleading to be filed.

4. She then delivers all of those envelopes to Robinson & Cole's mailroom to be delivered to the Court or placed in the mail.

5. The Defendant's status report was sent to the same address and in the same manner as all the other documents that I have served via mail on the Plaintiffs in this matter for the last two years.

6. This is the first time that ACEquip has claimed that it did not receive a document that I have mailed to the Plaintiffs' counsel.

_____
Edward J. Heath

State of Connecticut )
)
County of Hartford )

Subscribed and sworn to before me, this 14th day of October 2003,

_____
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP LTD. and<br>TRANSACT INTERNATIONAL, INC.<br><br>    Plaintiffs,<br>v.<br><br>AMERICAN ENGINEERING<br>CORPORATION<br><br>    Defendant. | : <br>: <br>: <br>: <br>: CIVIL ACTION NO.<br>: 3:01cv676 (PCD)<br>: <br>: <br>: <br>: <br>: <br>: October 14, 2003 |

### AFFIDAVIT OF ATTORNEY DANIEL W. PARK

Personally appeared Daniel W. Park, Esq., who being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligations of an oath. I am an attorney with Sheppard, Mullin, Richter & Hampton LLP, and represent the Defendant in the above entitled action.

2. On September 24, 2003, I received an email from David Cohen, one of the attorneys for ACEquip Ltd., regarding this case.

                                                                       Daniel W. Park

State of California      )
                              )
County of Los Angeles  )

Subscribed and sworn to before me, this 13th day of October 2003,

                                                                   Notary Public

[Notary seal: SACHIYO S. WAKISAKA, Commission # 1310236, Notary Public - California, Los Angeles County, My Comm. Expires Jul 1, 2005]