UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ACEQUIP LTD., et al.,
   Plaintiffs,

v.           : Civ. No. 3:01cv676 (PCD)

AM. ENG'G CORP.,
   Defendant.

## RULING ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT OF DISMISSAL AND/OR RECONSIDERATION

Plaintiffs move for relief from judgment of dismissal and/or reconsideration. For the reasons discussed herein, Plaintiffs' motion is **granted** in part and **denied** in part.

### I. Background

In response to the mandate from the United States Court of Appeals for the Second Circuit, on May 5, 2003, the Court issued an order ordering (1) that Transact International, Inc. be reinstated as a plaintiff-party in this case and (2) that the parties shall file a report informing the Court of status of this case on September 5, 2003, or upon completion of the arbitration proceedings, whichever occurs first. [*See* Doc. No. 45.]

On September 5, 2003, Defendant filed a status report, informing the Court that (1) it has heard nothing from Plaintiffs, (2) no arbitration has taken place, and (3) Plaintiffs have neither appointed an arbitrator nor taken any other steps to move forward with arbitration. [*See* Doc. No. 46]. In light of Plaintiffs' inaction, Defendant requested that the Court dismiss the case with prejudice for failure to prosecute.

On September 30, 2003, having received no response from Plaintiffs, the Court construed Defendant's status report as a motion to dismiss and granted such motion. [*See*

Doc. No. 47].

More than one month after the September 5, 2003 deadline and after the case had been dismissed, on October 9, 2003 Plaintiff ACEquip filed a status report. *See* Doc. No. 50. Although Plaintiffs referenced the September 5, 2003 deadline they offered no explanation for their delinquence. Plaintiffs reported that ACEquip is presently subject to receivership in Great Britain, and that the receiver is in the process of reviewing ACEquip's affairs and financial status in order to determine whether it would serve the interest of ACEquip and its creditors to pursue the arbitration against Defendant. Consequently, Plaintiffs requested an additional sixty days to file updated status reports.

Plaintiffs now move for relief from judgment and/or reconsideration.

## II.    Discussion

### A.    Motion for Reconsideration

Plaintiffs move for reconsideration under Local Rule 7(c), which provides that

> Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

D. Conn. L. R. Civ. P. 7(c).

The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

2

Here, Plaintiffs point neither to any controlling decisions nor any data that the Court overlooked. Accordingly, their motion to reconsider is **denied.**

**B.     Motion for Relief from Judgment**

Plaintiffs move for relief under Fed. Rule Civ. P. 60, which provides for relief based on "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), "fraud . . . misrepresentation, or other misconduct of an adverse party," FED. R. CIV. P. 60(b)(3), or for "any other reason justifying relief from the operation of judgment," FED. R. CIV. P. 60(b)(6).

**1.     FED. R. CIV. P. 60(b)(1)&(3)**

Plaintiffs argue that they "failed to respond to [Defendant's] request that this action be dismissed because [they] did not receive [Defendant's] status report and therefore did not have the opportunity to interpose [their] argument against entry of the judgment of dismissal." Pl. Mem. in Supp. at 5. They contend that "[D]efendant's omission appears to fall within the proscription of [Rule 60(b)(1) or 60(b)(3)], as] it appears to be either a surprise or a misrepresentation or other misconduct of [D]efendant's counsel." *Id.*

Plaintiffs' argument that they were "surprised" lacks merit. Pursuant to the Court's May 6, 2003 Order [Doc. No. 45] Plaintiffs had ample notice of their responsibility to file a status report on or before September 5, 2003. Consequences of their failure to do so do not constitute "surprise."

Plaintiffs' suggestion that Defendant's counsel misrepresented anything or acted with misconduct is totally baseless and lacks merit. Defendant's status report was

3

received and docketed by the clerk's office and included a certificate of service certifying that Plaintiffs' counsel was mailed a copy of the status report. [*See* Doc. No. 46; *see also* Doc. No. 51, Heath Aff]. Assuming *arguendo* that Plaintiffs for some reason failed to receive the report does not support a conclusion that Defendant acted improperly. In fact, Plaintiffs have admitted to receiving Defendant's September 23, 2003 letter to the Court's law clerk, in which a copy of Defendant's status report was enclosed. The fact that Defendant copied Plaintiffs on its letter further discredits Plaintiffs' baseless contention that Defendant acted improperly.

Moreover, assuming *arguendo* that Plaintiffs did not receive the report, this does not explain why they failed to meet the September 5, 2003 deadline for filing their own status report.

According, Rules 60(b)(1)&(3) do not provide Plaintiffs with a basis for relief from judgment.

   2.   **FED. R. CIV. P. 60(b)(6)**

Generally, relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199, 95 L. Ed. 207, 71 S. Ct. 209 (1950). Plaintiffs had notice of the Order that they file a status report on or before September 5, 2003, and provide no explanation for their delinquency. It is unclear when they received notice of Defendant's status report, which included Defendant's request that the case be dismissed for failure to prosecute. Because the status report and request to dismiss was not made in motion form, it is not unreasonable that Plaintiffs did not construe it as a motion to dismiss.

4

Accordingly, in the interest of justice Plaintiffs' motion for relief from judgment is **granted**.

### III.   Order

Consistent with the September 4, 2001 Order Appointing Arbitrator, it is hereby ORDERED that Plaintiffs shall submit to Defendant on or before November 17, 2003, the names of three persons acceptable to Plaintiffs and available to act as sole arbitrator. The parties shall comply with all other directions as set forth in the discussion of Appointment of Arbitrator. [*See* Doc. No. 31 at 4-6]. Absent compliance, this action may be terminated.

### IV.   Conclusion

For the reasons stated herein, Plaintiffs' motion for reconsideration and/or relief from judgment [Doc. No. 48] is **granted** in part and **denied** in part.

It is also ORDERED that the parties file a joint updated status report on or before December 1, 2003.

SO ORDERED.

Dated at New Haven, Connecticut, November 5, 2003.

Peter C. Dorsey
Senior United States District Judge