UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP, LTD AND<br>TRANSACT INTERNATIONAL, INC.<br>Plaintiff, | : CIVIL ACTION NO.<br>: 301 CV 676 (PCD)<br>: |
| v. | : |
| AMERICAN ENGINEERING CORPORATION<br>Defendant. | :<br>: NOVEMBER 18, 2003 |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC § 41 (A) (2)

Plaintiffs ACEquip, Ltd and Transact International, Inc. hereby submit this memorandum in support of their motion to dismiss the present action without prejudice. As the defendant American Engineering Corporation (AEC) has refused to consent to the voluntary dismissal of this action by the plaintiff, this motion is directed to the Court's discretion.

Rule 41(a)(2) provides that except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." It is, of course, within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss. Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir.1990). Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 (2d Cir.1985). "The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice. See Jones v. Securities & Exchange Commission, 298 U.S. 1, 19, 56 S. Ct. 654, 659, 80 L. Ed. 1015 (1936)." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).

This case arises out of the refusal by AEC to perform its obligations under an agreement for a construction project at the United States Air Force's Kadena Air Base in Okinawa, Japan. AEC refused to cooperate in designating an arbitrator to proceed with the arbitration required by the underlying agreement. Consequently, the plaintiffs filed an application for appointment of an arbitrator pursuant to Conn. Gen. Stat. § 52-411(b) in the Connecticut Superior Court in March, 2001, and AEC removed this matter to this Court. This Court granted the application by decision dated September 13, 2001, whereupon AEC elected to appeal to the Second Circuit Court of Appeals rather than to go forward with the arbitration required by the underlying contract. The Court of Appeals affirmed this Court's order appointing an arbitrator on January 2, 2003.

In the interim between the commencement of this action and the present, ACEquip has become subject to a receivership in Great Britain. The default by American Engineering Corporation on the Kadena project, which forms the basis of the dispute between the parties, coupled with the depression in the airline industry after September 11, 2001, has exposed ACEquip, Ltd. to catastrophic losses and expenses, which have contributed significantly to necessity for this receivership. The appointed receiver, Steven Tancock of Corporate Recovery Services, Smith & Williamson, Ltd., must resolve numerous complex claims in Great Britain prior to determining whether it will be productive to arbitrate its claims against AEC in the United States. Therefore, in order to avoid unnecessary cost and expense to all parties, the plaintiffs request that this action be dismissed.

The plaintiffs ask that a dismissal be without prejudice in order to facilitate an end to the litigation in the interests of judicial and litigant economy, but also to avoid the preclusive effects of a dismissal with prejudice. Should ACEquip, Ltd. regain its financial stability, it should have

the option to proceed with an arbitration against the defendant, subject, of course, to the applicable statute of limitations periods. No prejudice to the defendant is occasioned by this request.

Based on the foregoing, the plaintiffs respectfully request that this matter be dismissed without prejudice and without costs to any party.

Respectfully submitted,<br>
THE PLAINTIFF<br>
ACEquip Ltd.<br>
<br>
By: _____<br>
David M. Cohen (CT 06047)<br>
John A. Farnsworth (CT 20705)<br>
Wofsey, Rosen, Kweskin<br>
& Kuriansky, LLP<br>
600 Summer Street<br>
Stamford, CT 06901<br>
203-327-2300

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this 18th day of November, 2003 to:

Edward J. Heath, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: eheath@rc.com

Daniel W. Park, Esq.
Scott F. Roybal, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Tel No.: (213)-620-4226
Fax No.: (213)-620-1398
Email: dpark@smrh.com
    sroybal@smrh.com

_____
John A. Farnsworth, Esq. (ct20705)