UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP LTD. AND TRANSACT INTERNATIONAL, INC.<br>Plaintiff,<br><br>v.<br><br>AMERICAN ENGINEERING CORPORATION<br>Defendant. | : CIVIL ACTION NO.<br>: 301 CV 676 (PCD)<br>:<br>:<br>:<br>:<br>:<br>:<br>: NOVEMBER 26, 2003 |

## JOINT STATUS REPORT TO THE COURT

On November 5, 2003, the District Court ordered the plaintiffs to submit to the defendant on or before November 17, 2003, the names of three persons acceptable to Plaintiffs and available to act as sole arbitrator. The Court further ordered the parties to comply with all other directions as set forth in the discussion of the Appointment of Arbitrator [*See* Doc. No. 31 at 4-6] and to file a joint status report on December 1, 2003.

### PLAINTIFF'S STATEMENT

In light of the Court's ruling, the plaintiffs timely designated the following attorneys as sole arbitrator in this matter: James Fogarty, Esq. of Greenwich, Anthony Fitzgerald of New Haven, and Robert Harris of Bridgeport. On November 17, 2003, the defendant rejected the plaintiffs' potential arbitrators and designated the following attorneys: James Royster, Martin Jackson Webber and William Narwold. On November 25, 2003, the plaintiffs rejected the defendant's potential arbitrators. Each side must now select one arbitrator, and the two chosen arbitrators shall select a third.

In the interim between the commencement of this action and the present, ACEquip has become subject to a receivership in Great Britain. The default by American Engineering Corporation on the Kadena project, which forms the basis of the dispute between the parties, coupled with the depression in the airline industry after September 11, 2001, has exposed ACEquip, Ltd. to catastrophic losses and expenses, which have contributed significantly to

necessity for this receivership. The appointed receiver, Steven Tancock of Corporate Recovery Services, Smith & Williamson, Ltd., must resolve numerous complex claims in Great Britain prior to determining whether it will be productive to arbitrate its claims against AEC in the United States. Therefore, in order to avoid unnecessary cost and expense to all parties, the plaintiffs requested that the defendant consent to the plaintiffs' voluntary dismissal of this action. The defendant refused to consent and, on November 19, 2003, the plaintiffs filed a motion to dismiss pursuant to Rule 41(a)(2), which is presently pending before the Court.

In the interests of judicial and litigant economy, the plaintiffs request that the Court rule on the plaintiffs' motion to dismiss prior to addressing the arbitrator selection process. Rather than proceeding with the selection of a full arbitration panel at this time, the plaintiffs seek to close this case without prejudice to renewal. Should the Receiver determine that arbitration should be pursued, within the applicable limitations period, the Court has already provided the parties with the framework for the selection of an arbitrator. Under the circumstances, however, there is no legitimate basis for the parties to insist on further action by the Court with respect to this dispute.

## DEFENDANT'S STATEMENT

As directed by the Court on November 5, 2003, the Parties are proceeding with the selection of an arbitrator as set forth in this Court's September 4, 2001 Order Appointing Arbitrator [Doc. No. 31 at 4-6]. The Plaintiffs have elected to proceed before a panel of three arbitrators. On November 25, 2003, the Plaintiffs appointed their party-appointed arbitrator. Defendant has until December 2, 2003 to appoint an arbitrator. Defendant will appoint an arbitrator on or before that date. Under the Court's Order, the two party-appointed arbitrators are to select a third arbitrator to complete the arbitration panel. Plaintiffs have notified Defendant that they have intend to instruct their party-appointed arbitrator not to participate in the selection of a third arbitrator until this Court has ruled on Plaintiffs' pending motion to dismiss.

On November 19, 2003, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs filed a motion to dismiss this action without prejudice. Plaintiffs' motion does not satisfy the

criteria for dismissal without prejudice as set forth by the Second Circuit in <u>Zagano v. Fordham University</u>, 900 F.2d 12 (2d Cir. 1990). Under this controlling authority, Plaintiffs may not seek a voluntary dismissal without prejudice *after* the Court has issued a final order. Plaintiffs should be required either to move forward with arbitration or to dismiss this action *with* prejudice. In the alternative, before Plaintiffs are allowed a dismissal without prejudice, Plaintiffs should be required to pay Defendant the attorneys' fees, costs, and expenses incurred in defense of this action. <u>See</u>, <u>e.g.</u>, <u>Colombrito v. Kelly</u>, 764 F.2d 122, 133 (2d Cir. 1985) ("Fee awards are often made when a plaintiff dismisses a suit without prejudice.")

Defendant intends to file an opposition to Plaintiff's motion to dismiss. Under the local rules of this district, Defendant has until December 9, 2003 to file its opposition. Defendant will file its opposition to Plaintiffs' Rule 41(a)(2) motion on or before that date.

    Respectfully submitted,
    THE PLAINTIFF
    ACEquip Ltd.

    By: _____
    David M. Cohen (CT 06047)
    John A. Farnsworth (CT 20705)
    Wofsey, Rosen, Kweskin
    & Kuriansky, LLP
    600 Summer Street
    Stamford, CT 06901
    203-327-2300

    THE DEFENDANT
    American Engineering Corporation

    By: _____
    Edward J. Heath, Esq.
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, Connecticut 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299
    E-mail: eheath@rc.com

        Daniel W. Park, Esq.
        Scott F. Roybal, Esq.
        Sheppard, Mullin, Richter & Hampton, LLP
        333 South Hope Street, 48th Floor
        Los Angeles, CA 90071-1448
        Tel No.: (213)-620-4226
        Fax No.: (213)-620-1398
        Email: dpark@smrh.com
              sroybal@smrh.com

-5-

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed and served by facsimile this 26th day of November, 2003 to:

Edward J. Heath, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: eheath@rc.com

Daniel W. Park, Esq.
Scott F. Roybal, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Tel No.: (213)-620-4226
Fax No.: (213)-620-1398
Email: dpark@smrh.com
       sroybal@smrh.com

_____
David M. Cohen, Esq. (ct06047)