UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ACEQUIP LTD. and<br>TRANSACT INTERNATIONAL, INC. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | 3:01cv676 (PCD) |
| | : | |
| AMERICAN ENGINEERING<br>CORPORATION | : | |
| | : | |
| Defendant. | : | December 9, 2003 |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

After two years of litigation, after a decision by the Second Circuit, and after a final order from this Court, Plaintiffs seek to dismiss this case without prejudice. Plaintiffs have waited too long and consumed too many judicial resources to be allowed to walk away from a final order that does not accommodate their schedule. Plaintiffs' request to dismiss without prejudice should be denied. In the alternative, dismissal should be conditioned on Plaintiffs first paying Defendant's attorneys' fees, costs and expenses that would be duplicative in a subsequently filed action. If plaintiffs do not wish to pay these fees, costs, and expenses, the action should be dismissed with prejudice.

**I.    Background**

Plaintiffs initiated this action to appoint an arbitrator in March 2001. After dismissing Transact International, Inc., on September 4, 2001, this Court issued a final order granting the application and setting forth a procedure for the appointment of arbitrators.

In October 2001, following the procedure established by the Court, the parties exchanged lists of potential sole arbitrators. Unable to come to an agreement on a sole arbitrator, the parties

each designated one arbitrator. Under the Court's September 4, 2001 Order, the two party-appointed arbitrators were supposed to meet to select a third arbitrator. ACEquip's party-appointed arbitrator never contacted Defendant's party-appointed arbitrator and failed to return his telephone calls. Because ACEquip's party-appointed arbitrator failed to cooperate in selecting the third arbitrator, no arbitration ever took place.[1]

In response to the mandate from the United States Court of Appeals for the Second Circuit, on May 5, 2003, this Court reinstated Transact International, Inc. as a party in this case and ordered the parties to file a status report by no later than September 5, 2003. In all other respects, the Court's September 4, 2001 Order establishing a procedure for appointing an arbitrator remained the same.

Although the September 4, 2001 Order, as renewed by the Court's May 5, 2003 Order, directed the Plaintiffs to jointly propose potential arbitrators within ten days, Plaintiffs failed to comply with the Order and did not propose any potential arbitrators. Thus, for a second time, Plaintiffs' failed to move forward with the appointment of an arbitrator as ordered by this Court.

On September 5, 2003, Defendant timely filed a status report informing the Court that (1) it had heard nothing from Plaintiffs, (2) no arbitration had taken place, and (3) Plaintiffs had neither appointed an arbitrator nor taken any other steps to move forward with arbitration. In light of Plaintiffs' inaction, Defendant requested that the Court dismiss the case with prejudice.

On September 30, 2003, having received no response from Plaintiffs, the Court construed Defendant's status report as a motion to dismiss and granted the motion.

---

[1] Thus, it is not true, as Plaintiffs assert, that "AEC elected to appeal to the Second Circuit Court of Appeals rather than go forward with the arbitration." Although Defendant did take an appeal, Defendant also complied with the Court's order to appoint an arbitrator. The only reason arbitration did not take place was because ACEquip's party-appointed arbitrator refused to cooperate in selecting a third arbitrator, despite this Court's Order that he do so.

On October 9, 2003, Plaintiff ACEquip filed a status report and for the first time disclosed that ACEquip is subject to a receivership in Great Britain.

On October 8, 2003, Plaintiffs moved for relief from judgment. On November 5, 2003, the Court granted Plaintiffs' motion on the grounds that it was possible that Plaintiffs did not construe Defendant's status report as a motion to dismiss. The Court then gave Plaintiffs until November 17, 2003 to submit to Defendant the names of potential arbitrators. In all other respects, the Court directed the parties to comply with the directions set forth in its September 4, 2001 Order appointing an arbitrator. The Court warned Plaintiffs that "[a]bsent compliance, this action may be terminated."

On November 18, 2003, Plaintiffs filed the present motion to dismiss pursuant to Rule 41(a)(2), thus attempting for a third time to avoid complying with this Court's September 4, 2001 Order.

## II. Argument

### A. Dismissal Without Prejudice Should Not Be Allowed

In Cantanzano v. Wing, 277 F.3d 99 (2d Cir. 2001), the Second Circuit recently summarized the standard of review for a motion to dismiss pursuant to Rule 41(a)(2):

> Rule 41(a)(2) provides that except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." It is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss. Generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." Factors relevant to a court's decision whether or not to grant a motion to dismiss without prejudice include:
>
> > [1] the plaintiff's diligence in bringing the motion;
> > [2] any "undue vexatiousness" on plaintiff's part;
> > [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;

>       [4] the duplicative expense of relitigation; and
>       [5] the adequacy of plaintiff's explanation for the need to
> dismiss.

Cantanzano, at 109-110 (internal citations omitted). Analysis of the relevant factors established by the Second Circuit compels the conclusion that dismissal without prejudice is not warranted.

Plaintiff's Diligence. First, the Plaintiffs have not exercised diligence in bringing this motion. On September 4, 2001, this Court issued its first order appointing an arbitrator. ACEquip failed to move forward with the arbitration or to notify the Defendant that it did not wish to pursue this arbitration. As a result, Defendant incurred significant fees litigating an appeal that ACEquip knew or should have known was unnecessary.

After Defendant's appeal was resolved, Plaintiffs again failed to notify the Defendant of the Court that they were not interested in pursuing arbitration at this time. On May 5, 2003, the Court directed Plaintiffs for a second time to proceed with the appointment of an arbitrator. Rather than seek relief from the Court, the Plaintiffs simply disregarded the Court's Order and did not appoint an arbitrator. On September 5, 2003, Plaintiffs were required to file a status report. Rather, than inform the Court about their situation, the Plaintiffs simply disregarded the Court's Order and did not file a status report. Only after this Court had entered judgment *against* Plaintiffs on September 30, 2003, did the Plaintiffs approach the Court. In their motion for relief from judgment, however, the Plaintiffs did not inform the Court that they desired a dismissal without prejudice. On November 5, 2003, the Court directed Plaintiffs for a third time to appoint an arbitrator. Only now do the Plaintiffs inform the Defendant and the Court that they no longer want to pursue arbitration at this time. The Plaintiffs' reticence about their true intentions has served only to run up the costs of litigation for the Defendant and increase the administrative burdens on this Court.

The Plaintiffs have waited too long to request dismissal without prejudice. In <u>Zagano v. Fordham University</u>, 900 F.2d 12 (2d Cir. 1990), the Second Circuit affirmed the denial of a Rule 41(a)(2) motion to dismiss because the motion was made after the "action had been pending for over four years, during which it was contested vigorously, if sporadically, and extensive discovery had taken place." <u>Id.</u> at 14. In this case, this action has been pending for more than two years, during which it has been contested vigorously (including an appeal to the Second Circuit). Moreover, in <u>Zagano</u>, the Second Circuit held that seeking dismissal on the eve of trial was "too late." In this case, the Plaintiffs seek dismissal after the Court has issued its final order. Thus, under any test, Plaintiffs cannot be said to have acted with diligence.

<u>Vexatiousness.</u> Second, Plaintiffs' conduct suggests undue vexatiousness. Plaintiffs have now faced three orders from this Court—one on September 4, 2001, a second on May 5, 2003, and a third on November 5, 2003—directing the Plaintiffs to participate in the appointment of arbitrators. Nevertheless, the Plaintiffs have not followed through with the appointment that they claimed to have wanted. The first two times, Plaintiffs simply ignored the Court's Orders. This third time, the Court specifically warned Plaintiffs that "[a]bsent compliance, this action may be terminated." (<u>See</u> November 5, 2003 Order, at 5.) With no other options left, Plaintiffs seek a dismissal without prejudice as a last gambit to avoid complying with the Court's Order. This conduct suggests that Plaintiffs prefer keeping the threat of litigation hanging over Defendant's head to actually litigating this case. <u>Cf.</u> <u>Zagano,</u> at 15 ("Judge Owen was not in error in concluding that Zagano's desire to abandon the Title VII action after imposing substantial costs on defendants was evidence that 'she was perfectly happy to have the lawsuit out there until all of a sudden she had to do something with it' and that the action was an 'instrument of vexation' against Fordham.")

Progress of the Suit. Third, this suit has already progressed to judgment by the Court. Plaintiffs cannot abandon a lawsuit to begin again from scratch *after* the Court has ruled. If abandonment on the eve of trial is too late, abandonment *after* judgment is far, far too late.

Duplicative Expense of Relitigation. Fourth, if Plaintiffs begin this lawsuit again, Defendant will be forced to duplicate expenses that it has already incurred. To preserve its objections to Plaintiffs' arbitration demands in a new lawsuit, Defendant will have to raise the same arguments that it raised in this action. Not only is that a waste of Defendant's resources, it is a waste of judicial resources as well. Moreover, Defendant has spent a great deal of time and money removing this case to this Court, monitoring the litigation, complying with the Court's three orders to appoint an arbitrator, and participating in settlement negotiations with Plaintiffs. These expenses are sunk costs that Plaintiffs forced Defendant to incur by bringing and now abandoning their lawsuit. D'Alto v. Dahon California, Inc., 100 F.3d 281, 284 (2d Cir. 1996) ("expense is a relevant factor in determining prejudice").

Plaintiffs' Explanation for Dismissal. Finally, the adequacy of Plaintiffs' explanation of the need to dismiss leaves much to be desired. Plaintiffs state that ACEquip is in financial difficulties, including being subject to a receivership, and is not sure whether or not it wishes to pursue further litigation at this time. ACEquip does not tell the Court when it went into receivership. In its status report filed October 8, 2003, ACEquip stated that it needed 60 days to decide whether or not to continue its arbitration against AEC. Those 60 days have come and gone, and apparently ACEquip still has not made up its mind. ACEquip should be put to a decision: continue with the arbitration it initiated or dismiss this case with prejudice.

Plaintiffs give no reason whatsoever for why Transact requires a dismissal. Because Plaintiffs have provided no reason for Transact's dismissal, even if ACEquip is allowed a dismissal without prejudice, the Court should not allow Transact to dismiss without prejudice.

Plaintiffs have failed to demonstrate that, in light of the relevant factors, dismissal without prejudice would not prejudice Defendant. Therefore, Plaintiffs' request for dismissal without prejudice should be denied.

### B.  If Dismissal is Allowed, Dismissal Should Be Conditioned on Plaintiffs First Paying Defendant's Attorneys' Fees.

Rule 41(a)(2) authorizes the Court to condition voluntary dismissal "upon such terms and conditions as the court deems proper." These conditions often include an award for fees and costs. Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) ("Fee awards are often made when a plaintiff dismisses a suit without prejudice."); see also Belle-Midwest, Inc. v. Missouri Property & Casualty Ins. Guarantee Assoc., 56 F.3d 977, 978-979 (8th Cir. 1995) ("In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit); Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994).

The Second Circuit has explained that "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Id. Applying these guidelines, courts "must seriously consider the application to award reasonable attorney's fees and costs to the defendant." Hinfin Realty Corp. v. Pittston Company, 206 F.R.D. 350, 357 (E.D.N.Y. 2002).

If Plaintiffs refile this lawsuit against Defendant, Defendant will be required to incur certain duplicative fees, costs, and expenses. These fees, costs, and expenses include, among other things:

    a.    Fees, costs, and expenses related to removing this action to this Court;

    b.    Fees, costs, and expenses related to monitoring this litigation and keeping the client informed about its progress;

    c.    Fees, costs, and expenses related to complying with this Court's September 4, 2001 Order;

    d.    Fees, costs, and expenses related to complying with this Court's May 5, 2003 Order;

    e.    Fees, costs, and expenses related to complying with this Court's November 5, 2003 Order;

    f.    Fees, costs, and expenses caused by Plaintiffs' failure to timely file a status report as ordered by the Court; and

    g.    Fees, costs, and expenses related to settlement negotiations.

Defendant's request for fees, costs, and expenses is only a small fraction of the total costs Defendant has incurred in this action. Defendant is not requesting fees for "work the defendant will be able to use in a subsequent litigation." Hinfin Realty, 206 F.R.D. at 358. For example, Defendant is not seeking reimbursement for its internal investigation related to Plaintiffs' substantive claims, its legal briefs opposing the appointment of an arbitrator, or its appeal to the Second Circuit.

The fees and costs sought by Defendant are itemized in the attached affidavits of Attorney Daniel Park and Attorney Edward Heath. (Attached hereto at Exhibits 1 and 2.) In

summary, Defendant seeks $34,818.50 in fees, costs, and expenses. Plaintiffs should be required to pay these fees, costs, and expenses *before* this Court allows dismissal. Therefore, if this Court is inclined to allow Plaintiffs to dismiss this action without prejudice, within 10 days Plaintiffs should deliver to Defendant's counsel via Federal Express a certified check for $34,818.50. Within two days of receipt of the certified check, Defendant will notify the Court. After receiving this notice from the Defendant, the Court can then dismiss this action. If the Plaintiffs are unwilling to pay this reasonable amount, Plaintiffs motion to dismiss should be denied and Plaintiffs should be directed to comply with the Court's order appointing an arbitrator.

### III.   Conclusion

Plaintiffs' motion to dismiss this case without prejudice should be denied because the Plaintiffs waited too long and imposed too many unrecoverable costs and expenses on the Defendant before making their request. In the alternative, Plaintiffs should be required to pay Defendant's $34,818.50 before a dismissal without prejudice is allowed.

AMERICAN ENGINEERING CORPORATION

By: _____
Edward J. Heath (ct 20992)
Robinson & Cole LLP
280 Trumbull St.
Hartford, CT 06103
860-275-8200
email: eheath@rc.com

Scott F. Roybal (ct 22547)
Daniel W. Park (ct 22548)
Sheppard, Mullin, Richter & Hampton LLP
333 S. Hope St., 48th Floor
Los Angeles, California 90071
213-617-5512
email: dpark@smrh.com

## CERTIFICATION

This is to certify that a true copy of the foregoing was sent via facsimile and first class mail, postage prepaid, on this 9th day of December, 2003, to:

David M. Cohen, Esq.
John A. Farnsworth, Esq.
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer Street
Stamford, CT 06901
*Attorneys for ACEquip Ltd. and Transact International, Inc.*

_____
Edward J. Heath