UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP LTD. and<br>TRANSACT INTERNATIONAL, INC.<br><br>   Plaintiffs,<br>v.<br><br>AMERICAN ENGINEERING<br>CORPORATION<br><br>   Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 3:01cv676 (PCD)<br>:<br>:<br>:<br>:<br>: December 9, 2003 |

**AFFIDAVIT OF ATTORNEY EDWARD J. HEATH**

Personally appeared Edward J. Heath, Esq., who being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligations of an oath. I am an attorney with Robinson & Cole LLP ("Robinson & Cole"), and I, along with Attorney Christopher J. Hug, represent the Defendant in the above entitled action.

2. I am a 1999 graduate of Notre Dame Law School. I have practiced law with Robinson & Cole in Hartford for the past four years. I have represented and continue to represent numerous parties in actions pending in the United States District Court for the District of Connecticut.

3. Attorney Hug is a 1989 graduate of Western New England College School of Law. He has practiced law with Robinson & Cole for the past fourteen years. He has represented and continues to represent numerous parties in actions pending in the United States District Court for the District of Connecticut.

4. I am familiar with the usual and customary billing rates for attorneys in the Hartford, Connecticut area. The rates charged by Robinson & Cole are reasonable and are comparable to the rates charged by attorneys of comparable skill and experience in comparable law firms. The rates charged on this matter for my time (between $170 and $190 per hour) and Attorney Hug's time ($280 per hour) are well within the prevailing market rates charged by similarly qualified professionals in Hartford.

5. The attorneys' fees that the Defendant has incurred from Robinson & Cole in the course of this litigation are itemized in billing records attached hereto as Exhibit A. Each

statement for professional services identifies the timekeeper, describes the task performed in a narrative fashion, and lists the time spent on that task in increments of tenths of an hour. Each timekeeper at Robinson & Cole maintains a daily record of his or her time spent on each matter. Each month Robinson & Cole generates a billing statement for each matter that lists the timekeeper's entries to be issued to the client for that matter. On the attached records I am identified as "HEATH" and "E.J. HEATH," and Attorney Hug is identified as "HUG" and "C.J. Hug." Because Robinson & Cole began using a different billing software in August 2001, the format of the first few pages of billing records appears different than the format of the remaining pages.

6. Although I believe that all of Robinson & Cole's fees, costs and expenses incurred thus far in litigation are reasonable, out of an abundance of caution and to eliminate the possibility that any of the amounts requested include work that will be useful in the event of future litigation, I have reduced the amount requested in this request for attorneys' fees. For ease of reference and to protect attorney work product, records for fees, costs and expenses for which the Defendant is not presently seeking reimbursement have been redacted.

7. In addition to the fees, costs and expenses reflected in Exhibit A, I have expended approximately 2.2 hours additional hours in December 2003 to comply with this Court's order appointing an arbitrator and to prepare this opposition and request for attorneys' fees.

8. Accordingly, the Defendant's total fees, costs and expenses incurred from Robinson & Cole for which it is seeking reimbursement through this motion are as follows:

| | |
|---|---|
| Fees through November 30, 2003 | $5,015.00 |
| Fees from December 1, 2003 to present: | $ 418.00 |
| Disbursements: | $ 237.50 |
| **TOTAL:** | **$5,670.50** |

8. In my judgment, all of the claimed costs, disbursements, and litigation expenses requested herein were necessary for a proper presentation of the case, are reasonable in amount, and will not be useful in subsequent litigation. I believe the entire amount requested herein should be awarded to the Defendant in the event that the Court decides to grant the Plaintiffs' request for dismissal without prejudice.

_____
Edward J. Heath

-2-

State of Connecticut      )
                          )
County of Hartford        )

Subscribed and sworn to before me, this 9th day of December 2003,

_____
Commissioner of the Superior Court

DAVID S. SAMUELS