**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ACEQUIP LTD., et al.,                    :
          Plaintiffs,          :
                         :
v.                                       : Civ. No. 3:01cv676 (PCD)
                         :
AM. ENG'G CORP.,                         :
          Defendant.          :

## RULING ON PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE AND WITHOUT COSTS

Pursuant to FED. R. CIV. P. 41(a)(2), Plaintiffs move to dismiss without prejudice and without costs. For the reasons stated herein, Plaintiffs' motion is **granted** on the condition specified below.

## I.     Background

Transact International, Inc. ("Transact") entered into a construction contract with Defendant, American Engineering Corporation, to provide construction services on a U.S. Air Force base in Okinawa, Japan. The contract provides that "[i]n the event of disagreement between the parties to this agreement, Arbitration shall be conducted pursuant to the laws of and in the State of Connecticut, USA." Transact subsequently assigned its rights under the contract to Plaintiff, ACEquip Ltd. Plaintiff and Transact filed an application for the appointment of an arbitrator on March 26, 2001 in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. Defendant removed the case to this court on April 20, 2001.

In September, 2001, this Court granted Plaintiffs' application for appointment of an arbitrator [Doc. No. 34]. Defendant appealed, and in January, 2003, the Second

Circuit Court of Appeals affirmed the appointment of the arbitrator.[1] *Acequip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151 (2d Cir. 2003). On September 5, 2003, Defendant filed a status report, which was construed as a motion to dismiss. [*See* Doc. No. 46 and 47]. The motion was granted in light of Plaintiffs' failure to comply with this Court's Order requiring a status report on or before September 5, 2003. [*See* Doc. No. 45 and 47]. Plaintiffs' motion for relief from judgment was granted, as it was not unreasonable that Plaintiffs did not consider Defendant's status report as a motion to dismiss [Doc. No. 52]. On December 1, 2003, the parties filed their joint status report [Doc. No. 55].

Presently, Plaintiffs move for dismissal without prejudice and without costs.

## II.     Standard

Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). "Voluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Relevant factors to considering a motion to dismiss without prejudice include

> the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

*Id.* (citations omitted).

---

[1]     The Court of Appeals also vacated the dismissal of Transact. *Acequip Ltd.*, 315 F.2d at 158.

2

III.     **Discussion**

A.     **Plaintiff's Motion to Dismiss**

Plaintiffs seek dismissal without prejudice to facilitate an end to the litigation and to avoid unnecessary costs and expense to all parties.  Pl. Mem. at 2.  They contend that Defendant's default on a construction project at the United States Air Force's Kadena Air Base in Okinawa, Japan, along with the post-September 11, 2001 depression of the airline industry, has exposed ACEquip, Ltd. to catastrophic losses.  *Id.*  Consequently, ACEquip has become subject to a receivership in Great Britain, and the appointed receiver is tasked with resolving numerous claims in Great Britain before determining whether it will be productive to arbitrate its claims against Defendant in the United States.  *Id.*

Defendant argues that pursuant to *Zagano* and its progeny, Plaintiffs may not seek a voluntary dismissal without prejudice after the Court has issued a final order.  Def. Opp. at 3-4 (citing *Cantanzano v. Wing*, 277 F.3d 99 (2001)).

In *Zagano*, the plaintiff moved for dismissal without prejudice the week before trial was to begin.  *Zagano*, 900 F.2d at 12.  The trial court denied her motion because "it had been made too late, . . . [the plaintiff] had used the federal action as 'an instrument of vexation,' and . . . defendants would be prejudiced because of the time spent preparing the case for the scheduled trial and the diminishing availability and recollection of witnesses.  *Id.* at 13.  The plaintiff refused to proceed with trial, and the trial court granted the defendants' motion for dismissal with prejudice.

Here, Plaintiff does not seek dismissal without prejudice on the eve of trial.  Although this case has been pending since April, 2001, Defendant is responsible for at

3

least part of the delay. There is no evidence that Plaintiffs have not been diligent in bringing this motion or that they seek to use the federal system as an instrument of vexation. While Defendant alleges that "Plaintiffs prefer keeping the threat of litigation over Defendant's head," Def. Opp. at 5, Plaintiffs state that the receiver must address numerous complex claims in Great Britain before determining whether it will be able to arbitrate claims against Defendant in the United States. Pl. Mem. at 2. Defendant states that it has spent immense time and money on this case by "removing this case to this Court, monitoring the litigation, complying with the Court's three orders to appoint an arbitrator, and participating in settlement negotiations." Pl. Opp. at 6 (citing *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 284 (2d Cir. 1996). However, the *D'Alto* court noted that "expense is a relevant factor in determining prejudice which must be considered together with the other *Zagano* factors." *D'Alto*, 100 F.3d at 284. Here, there is no indication that the expense was exorbitant.[2] Plaintiffs allege that they wish "to avoid unnecessary cost and expense to all parties." Pl. Mem. at 2. Considering all of the *Zapano* factors, there is no finding of prejudice. Plaintiffs' explanation for seeking dismissal without prejudice is adequate and is credited.

Accordingly, Plaintiffs' motion to dismiss without prejudice is **granted** on the condition that should Plaintiffs wish to resume this case they shall file a motion to reopen with this Court (rather than filing a complaint in some other court). FED. R. CIV. P. 41(a)(2) (giving the court discretion to impose conditions on a voluntary dismissal).

---

[2]   For example, generally removing a case from state to federal court is not overly time-consuming or expensive.

## B.    Defendant's Request for Attorneys' Fees and Costs

Although Defendant has not filed a motion for attorney's fees, it requests attorneys' fees and costs in its opposition to Plaintiff's motion to dismiss without costs, seeking $34,818.50.[3]  Def. Opp. at 7-9.

Defendant presents no convincing reason it should be awarded fees.  The cases it cites state suggest that "often" or "typically," courts award attorneys' fees when granting a motion for voluntary dismissal.  *See e.g. Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).  "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id*. Here, Defendant does not demonstrate that he will likely face duplicative costs if Plaintiff refiles the suit, and Plaintiff alleges that he wishes to *avoid* costs by seeking dismissal without prejudice.  If the suit is refiled, it will most likely proceed immediately to arbitration.  As noted above, Defendant contributed to some if not much of the delay, and Plaintiffs' explanation for seeking dismissal without prejudice and costs is credited.

Plaintiffs' motion to dismiss without costs is **granted** on the condition that should Plaintiffs wish to resume this case they shall file a motion to reopen with this Court (rather than filing a complaint in some other court).  FED. R. CIV. P. 41(a)(2) (giving the

---

[3]    Defendant notes incurral of $34,818.50 in legal fees, without the itemization and substantiation required for an application for an award of fees.  The docket reflects that Defendant filed a motion to remove this case to federal court [Doc. No. 1], two motions to dismiss Plaintiff's motion for appointment of arbitrator, [Doc. No. 6 and 18], a response to the order to show cause [Doc. No. 24], a motion to stay the order appointing arbitrator [Doc. No. 36], two status reports [Doc. No. 46 and 55], and its response to the pending motion.  Nothing in this case has been particularly complex, and it is not apparent that the noted amount is justifiably so high.

court discretion to impose conditions on a voluntary dismissal). This condition helps to ensure (1) that Defendant is not subjected to duplicative or unnecessary costs and (2) that the case, should it be reopened, proceeds in a timely manner.

**IV.    Conclusion**

For the reasons stated herein, Plaintiffs' motion for dismissal without prejudice and without costs to any party [Doc. No. 53] is **granted**, subject to the condition stated above. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, December__, 2003.


_____/s/_____
Peter C. Dorsey
Senior United States District Judge