UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACEQUIP, LTD AND<br>TRANSACT INTERNATIONAL, INC.<br>    Plaintiff, | :<br>: CIVIL ACTION NO.<br>: 301 CV 676 (PCD) |
| v. | : |
| AMERICAN ENGINEERING CORPORATION<br>    Defendant. | :<br>:<br>: December 19, 2003 |

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED. RULE CIV. PROC § 41(A) (2)

In its opposition to the plaintiff's motion to dismiss, Defendant American Engineering Corporation (AEC) seeks to blame the plaintiffs for delays in this case. AEC fails to acknowledge, however, that it was their failure to cooperate in the selection of an arbitrator that necessitated the plaintiffs' filing of an application for appointment of an arbitrator in the Connecticut Superior Court. It was AEC's decision to remove the application to federal court and to contest the appointment of an arbitrator at every level. Rather than proceeding with an arbitration after this Court ordered the necessary procedure, AEC elected to pursue an appeal, which was resolved in the plaintiffs' favor. AEC, not the plaintiffs, is responsible for any delays and resulting litigation costs in this matter.

AEC's reliance on Zagano v. Fordham University 900 F.2d 12 (2d Cir. 1990) and D'Alto v. Dahon California, Inc., 100 F.3d 281, 284 (2d Cir. 1996) is misplaced. Each of these decisions dealt with ordinary civil actions, where the parties were entitled to conduct discovery, such as requesting documents, propounding interrogatories, and taking depositions. Arbitration proceedings, such as this matter, are creatures of statute and are not civil actions. Skidmore, Owings & Merrill v. Connecticut General Life Ins. Co., 25 Conn. Sup. 76, 84, 197 A.2d 83

(1963). Proceedings under Conn. Gen. Stat. § 52-410 *et seq.* do not follow the pattern of an ordinary civil action. Id. at 351. The Connecticut statutes provide for an expedited hearing on limited issues. There is no right to conduct discovery and the pleading process does not follow the normal course of an ordinary civil action.

AEC will not suffer any prejudice if ACEquip's Receiver determines in the future that arbitration should be pursued. There is no need for relitigation of the issues becuase the Court has given the parties guidelines for the appointment of an arbitrator, which guidelines were previously missing from the arbitration agreement. The parties must now simply follow the Court's guidelines in the event the controversy become ripe for resolution by arbitration in the future. For the present, AEC has forestalled the commencement of arbitration hearing, its avowed goal from the outset. It should bear its own costs, including attorney's fees, as dictated by the American Rule.

Based on the foregoing and the prior memorandum submitted by the plaintiffs, the plaintiffs respectfully request that this matter be dismissed without prejudice and without costs to any party.

Respectfully submitted,
THE PLAINTIFF
ACEquip Ltd.

By: _____
David M. Cohen (CT 06047)
John A. Farnsworth (CT 20705)
Wofsey, Rosen, Kweskin
& Kuriansky, LLP
600 Summer Street
Stamford, CT 06901
203-327-2300

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this 19th day of December, 2003 to:

Edward J. Heath, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: eheath@rc.com

Daniel W. Park, Esq.
Scott F. Roybal, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448
Tel No.: (213)-620-4226
Fax No.: (213)-620-1398
Email: dpark@smrh.com
       sroybal@smrh.com

_____
John A. Farnsworth, Esq. (ct20705)